Verified Complaint and Emergency Motion for Temporary Restraining Order

FILED
CHARLOTTE, NC

MAY 14 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

Barron L. Odom, )
Beverly A. Odom )
    Plaintiff, )
) Civil Action No. 3:25-CV-329-KDB
v. )
)
Bank of America, N.A.; )
Trustee Services of Carolina, LLC, )
)
    Defendants. )

**Verified Complaint for Declaratory Relief, Emergency Temporary Restraining Order, and Civil Rights Violations**

Plaintiff Barron L. Odom ("Plaintiff"), appearing pro se, respectfully alleges as follows:

**I. Jurisdiction and Venue**

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights), because this case involves deprivation of constitutional rights under color of state law pursuant to 42 U.S.C. § 1983.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Mecklenburg County, North Carolina.

**II. Parties**

3. Plaintiff Barron L. Odom is a natural person residing in Mecklenburg County, North Carolina and the lawful property interest holder in the real estate described below.

4. Defendant Bank of America, N.A. is a national banking association doing business in North Carolina.

5. Defendant Trustee Services of Carolina, LLC is a limited liability company organized under the laws of North Carolina, acting as substitute trustee under a Deed of Trust.

## III. Factual Allegations

6. The subject property is secured by a Deed of Trust from Barron L. Odom a/k/a Barron Lamar Odom and Beverly A. Odom a/k/a Beverly Ann Odom, in the original amount of $154,620.00, dated March 8, 2017, and recorded on March 9, 2017 in Book 31623 at Page 425, Mecklenburg County Registry.

7. On May 2, 2025, an Order to Allow Foreclosure Sale was entered by a Superior Court Judge instead of the Clerk of Superior Court, contrary to N.C.G.S. § 45-21.16(d), rendering the order void.

8. No Notice of Sale was ever issued or recorded after the May 2, 2025 foreclosure order.

9. No affidavit of publication exists, and no service of Notice of Sale was effected on Plaintiff as required by N.C.G.S. §§ 45-21.16A and 45-21.17.

10. The foreclosure sale is currently scheduled for May 14, 2025, without statutory authority or due process, exposing Plaintiff to imminent, irreparable harm.

### Count 3 – Violation of Federal Rules of Civil Procedure Rules 55 and 60(b)

12. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. The foreclosure order entered on May 2, 2025, and the subsequent sale action, violate the principles outlined in Federal Rule of Civil Procedure 55, which governs default judgments, and Rule 60(b), which governs relief from a judgment or order on the basis of mistake, fraud, misrepresentation, misconduct by an opposing party, or any other reason that justifies relief.

14. The foreclosure order was issued without proper notice, a hearing, or lawful jurisdiction, rendering it void under Rule 60(b)(4). Further, it was obtained through misrepresentation and procedural defects, warranting relief under Rule 60(b)(3).

15. The foreclosure proceedings effectively operated as a default judgment entered without satisfaction of procedural safeguards required under Rule 55, further denying Plaintiff due process and an opportunity to be heard.

## IV. Claims for Relief

Count 1 – Violation of Procedural Due Process (U.S. Const. amend. XIV, 42 U.S.C. § 1983)

Count 2 – Request for Emergency Temporary Restraining Order and Injunctive Relief (Fed. R. Civ. P. 65)

## V. Relief Requested

WHEREFORE, Plaintiff respectfully requests the Court:

a) Issue a Temporary Restraining Order enjoining Defendants from conducting or proceeding with the foreclosure sale scheduled for May 14, 2025;

b) Enter preliminary and permanent injunctive relief prohibiting any foreclosure sale until due process is satisfied;

c) Declare the May 2, 2025 foreclosure order void for lack of jurisdiction and procedural defects;

d) Award Plaintiff reasonable costs and such further relief as the Court deems just and proper.

Respectfully submitted this May 14, 2025.

*[signature: Barron Lamar Odom]*
/s/ Barron L. Odom
Barron L. Odom, Plaintiff Pro Se